















JPP   1/12/04   14:30

3:04-CV-00024   PHOTOMEDEX INC V. IRWIN

*1*

*CMP.*

1  MICHAEL R. MATTHIAS (SBN 057728)
2  SABRINA L. YOUDIM (SBN 205405)
   JENKENS & GILCHRIST, LLP
3  12100 Wilshire Boulevard, 15th floor
   Los Angeles, California 90025-7120
4  Telephone:   (310) 820-8800
   Facsimile:    (310) 820-8859
5
6  Attorneys for Plaintiff PHOTOMEDEX, INC.
7

FILED

04 JAN -6  AM 10: 30

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10                       '04 CV    0024    L  (JFS)

11 | PHOTOMEDEX, INC., a Delaware corporation,  )   Case No.
                                                )
12 |                          Plaintiff,         )   **COMPLAINT FOR VIOLATION OF**
                                                )   **THE LANHAM ACT, UNTRUE AND**
13 | vs.                                         )   **MISLEADING ADVERTISING AND**
                                                )   **UNFAIR COMPETITION**
14 | DEAN STEWART IRWIN, an individual, and RA  )
15 | MEDICAL SYSTEMS, INC., a California          )   **DEMAND FOR JURY TRIAL**
   | corporation,                                )
16 |                                             )
   |                          Defendants.        )
17 |                                             )
18 |                                             )
                                                )
19 | _____ )

20     Plaintiff, PhotoMedex, Inc. ("PHMD") alleges:

21                  <u>PARTIES, JURISDICTION AND VENUE</u>

22     A.     <u>Parties</u>

23     1.     PHMD is a corporation incorporated under the laws of the state of Delaware,

24 having its principal place of business in the state of Pennsylvania. PHMD is qualified to do

25 business in the state of California, and has an office in San Diego County, California.

26 ///

27

28
                                         1

*COMPLAINT*

2.       PHMD is informed and believes, and based thereon alleges, that defendant Dean
Stewart Irwin ("Irwin") is an individual who resides in San Diego County, California, and is a
citizen of the state of California.

3.       PHMD is informed and believes and based thereon alleges, that defendant RA
Medical Systems , Inc. ("RA Medical") is a corporation incorporated under the laws of the state
of California, having its principal place of business in San Diego County, California.

4.       PHMD is informed and believes, and based thereon alleges, that at all times
relevant hereto defendant Irwin was the agent and/or employee of defendant RA Medical, and
was at all relevant times acting within the course and scope of such agency and employment.

**B.     Jurisdiction**

5.       This Court has jurisdiction over this action under 15 U.S.C.A. § 1121, 28 U.S.C.A
§ 1331 and 28 U.S.C.A. § 1338(a), in that this case arises under the Trademark Laws of the
Untied States, 15 U.S.C.A § 1125(a).  This Court has jurisdiction of the unfair competition
claims herein under the provisions of 28 U.S.C.A. § 1338 (b), in that said claims are joined with
a substantial and related claim under the Trademark Laws of the United States.  In addition, this
Court has supplemental jurisdiction over the non-Federal claims for relief pursuant to 28
U.S.C.A. § 1367(a).  This Court also has jurisdiction over this action pursuant to 28 U.S.C.A. §
1332 in that this is a civil action between citizens of different states in which the amount in
controversy exceeds the sum of $75,000, exclusive of interest and costs.

**C.     Venue**

6.       Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(a) and (b) because
the defendants reside within this district.

**FIRST CLAIM FOR RELIEF**

**Violation of § 43(a) of the Lanham Act-15 U.S.CA. § 1125(a)**

**(Against All Defendants)**

7.       PHMD incorporates by reference herein paragraphs 1 through 6, above.

8.       At all relevant times, PHMD has been engaged in the business of inventing,
developing, refining, manufacturing and marketing laser technology to the medical community.

2

*COMPLAINT*

1  The key product of PHMD is a 308 nm excimer laser and its peripherals.  PHMD markets this as

2  the XTRAC® Excimer Laser System ("XTRAC").  This system is designed for laser treatment

3  of psoriasis and vitiligo.

4       9.      Psoriasis is a common immune-mediated chronic skin disease of varying severity.

5  More than 4.5 million adults in the United States have it.  Vitiligo is a skin condition which

6  causes patches of skin to lose their natural pigmentation.

7       10.     PHMD is the only company currently providing excimer lasers for treatment of

8  psoriasis and vitiligo to the medical community in the United States.  PHMD has enjoyed this

9  position by virtue of its proprietary technology and information, as well as clearances from the

10 United States Food and Drug Administration to market the XTRAC in the United States for the

11 treatment of psoriasis and vitiligo.  Such clearances are legally required to market such a medical

12 device in the Untied States.

13      11.     PHMD has invested, and continues to invest, significant time, money and other

14 resources in developing, improving and refining the XTRAC.

15      12.     Beginning in or about early 2003, and continuing to the present time, Defendants

16 RA Medical and Irwin (collectively, "Defendants") have, in interstate commerce, advertised and

17 promoted, and sold or offered to sell, a product they refer to as the "Pharos Excimer Laser"

18 ("Pharos") for the treatment of psoriasis and vitiligo by describing and representing that the

19 Pharos is "FDA Approved for Psoriasis and Vitiligo"; that the Pharos is a "Next Generation

20 Excimer Laser," stating exact "Technical Specifications" including wavelength, pulse repetition

21 rate, pulse width, output energy per pulse, output fluence, output power, delivery, fiber life,

22 beam size, operating modes, electrical inputs, gas, gas life, mirror life, chamber life, weight and

23 size; that RA Medical was co-founded by defendant Irwin, the "inventor" of the first FDA

24 approved excimer for phototherapy; that the Pharos has certain specified features; that ownership

25 of the Pharos will provide certain financial rewards to the physician; and that use of the Pharos

26 will result in short and effective treatment for patients.

27      13.     Said descriptions and representations are false and untrue and are likely to deceive

28 the public in that PHMD is informed and believes, and based thereon alleges, that there is in fact

3

*COMPLAINT*

LOSANGELES 252420v3 64079-00011

1  no completed Pharos product upon which such descriptions and representations can be based;

2  that the Pharos is not FDA approved for psoriasis or vitiligo; that Irwin is not the inventor of the

3  first FDA approved excimer for phototherapy; and that there is no factual basis upon which any

4  of said statements are based.

5       14.     Defendants made the above alleged false descriptions and representations

6  knowing at all times that they were false and untrue and that there was no factual basis therefor.

7       15.     Said false descriptions and representations have confused and misled, and will

8  continue to confuse and mislead, a substantial number of persons who receive said descriptions

9  and representations into believing the Pharos exists and is available, is FDA approved and has

10  the other qualities and attributes as described.

11       16.     By the actions alleged herein, Defendants have violated Lanham Act § 43(a), 15

12  U.S.C.A. §1125(a), by using false or misleading descriptions and representations of facts in

13  commercial advertising or promotion in connection with goods in interstate commerce, which

14  descriptions and misrepresentations misrepresent the nature and quality of Defendants' goods,

15  services or commercial activities, all to the damage of PHMD.

16       17.     By reason of Defendants' acts alleged herein, PHMD has and will suffer damage

17  to its business, reputation and good will and the loss of sales and profits PHMD would have

18  made but for Defendants' acts, all to PHMD's damage in an amount in excess of $75,000.

19       18.     By reason of the foregoing, Defendants have been improperly and unjustly

20  enriched at the expense of PHMD in an amount not as yet ascertained, in a sum to be proven at

21  trial, so that Defendants can make appropriate restitution to PHMD, in excess of the minimum

22  jurisdiction of this Court.

23       19.     Defendants threaten to continue to do the acts complained of herein, and unless

24  restrained and enjoined, will continue to do so, all to PHMD's irreparable damage.  It would be

25  difficult to ascertain the amount of compensation which could afford PHMD adequate relief for

26  such continuing acts, and a multiplicity of judicial proceedings would be required.  PHMD's

27  remedy at law is not adequate to compensate it for the injuries threatened.

28  ///

*COMPLAINT*

1

**SECOND CLAIM FOR RELIEF**

2

*Untrue and Misleading Advertising-*

3

**Violation of California Business & Professions Code § 17500, *et seq.***

4

**(Against all Defendants)**

5       20.     PHMD incorporates by reference herein paragraphs 1 through 15, above.

6       21.     PHMD is informed and believes, and based thereon alleges, that Defendants made

7    the false descriptions and representations with the intention of selling the purported "Pharos"

8    laser and/or to induce the public to enter into obligations relating to the "Pharos" laser.

9       22.     The Defendants knew, or by the exercise of reasonable care should have known,

10   that the descriptions and representations were untrue and misleading and so acted in violation of

11   Section 17500 of the California Business and Professions Code.

12      23.     PHMD and the public are being irreparably harmed by the Defendants' false

13   advertising.  There is no adequate remedy at law, thereby justifying injunctive relief and an order

14   that the Defendants restore to any person any interest in any money or property which was

15   acquired by the Defendants by means of the unlawful conduct described above.

16

**THIRD CLAIM FOR RELIEF**

17

**Unfair Competition-Violation of California Business and**

18

**Professions Code § 17200, et seq.**

19

**(Against all Defendants)**

20      24.     PHMD incorporates by reference herein paragraphs 1 through 15 and 21 through

21   22, above.

22      25.     Defendants' conduct, as alleged above, is an unlawful, deceptive and unfair

23   business practice and constitutes unfair competition in violation of Section 17200 of the

24   California Business and Professions Code.

25      26.     By reason of the foregoing, Defendants have been improperly and unjustly

26   enriched at the expense of the public and PHMD in an amount as yet unascertained, in a sum to

27   be proven at the time of trial so that the Defendants can make appropriate restitution, in excess of

28   the minimum jurisdiction of this Court.

5

*COMPLAINT*

LOSANGELES 252420v3 64079-00011

1      27.     PHMD, and the public, are being irreparably harmed by the Defendants' unfair

2 trade practices and unfair competition. There is no adequate remedy at law, thereby justifying

3 injunctive relief.

4 **PRAYER FOR RELIEF**

5     WHEREFORE, PHMD prays for judgment against the Defendants, and each of them, as

6 follows:

7 **On the First Claim for Relief:**

8     1.     For damages in excess of $75,000, according to proof as a result of Defendants'

9 unlawful conduct;

10     2.     For the amount of Defendants' unjust enrichment as a result of their unlawful

11 conduct;

12     3.     For treble the amount of actual damages under Lanham Act § 35, 15 U.S.C.A. §

13 1117;

14     4.     For reasonable attorney fees on the ground that this is an exceptional case;

15 **On the Second Claim for Relief:**

16     5.     For disgorgement against Defendants in the amount of their unjust enrichment;

17 **On the Third Claim for Relief:**

18     6.     For the amount of Defendants' unjust enrichment as a result of their unlawful

19 conduct;

20 **On All Claims for Relief:**

21     7.     For a preliminary and permanent injunction enjoining Defendants and their

22 agents, servants and employees, and all persons acting under, in concert with, or for them, from

23 making, disseminating, or causing to be made or disseminated to the public in any publication or

24 advertising or promotional material, or in any manner whatever, any statement concerning the

25 Pharos laser, or concerning any circumstance or matter of fact connected with the proposed

26 performance, description or approval thereof, that is untrue or misleading, and that is known, or

27 by the exercise of reasonable care, should be known, to be untrue or misleading;

28

6

*COMPLAINT*

1    8.    For costs of suit incurred herein; and

2    9.    For such other and further relief as the Court may deem proper.

3

4    DATED:January 5, 2004                    JENKENS & GILCHRIST, LLP

5

6

7    By:

     MICHAEL R. MATTHIAS
8    Attorneys for Plaintiff PHOTOMEDEX INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    7

*COMPLAINT*

## DEMAND FOR JURY TRIAL

Plaintiff PhotoMedex, Inc. hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

DATED: January 5, 2004

                                        JENKENS & GILCHRIST, LLP

                                        By: _____
                                            MICHAEL R. MATTHIAS
                                            Attorneys for Plaintiff PHOTOMEDEX, INC.

8

*COMPLAINT*

LOSANGELES 252420v3 o4079-00011

JS 44
(Rev 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
PHOTOMEDEX, INC., a Delaware corporation

## DEFENDANTS
DEAN STEWART IRWIN, an individual, and RA MEDICAL SYSTEMS, INC., a California corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Montgomery, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael R. Matthias (SBN 057728)
Jenkens & Gilchrist, LLP
12100 Wilshire Blvd., 15th Floor
Los Angeles, CA  90025
(310) 820-8800

ATTORNEYS (IF KNOWN)

'04 CV   0024   L (JFS)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
15 U.S.C.A Section 1125(a) Flase advertising under Lanham Act.

## V. NATURE OF SUIT (PLACE AN 'X' IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | | | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 640 R R & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | [ ] 871 IRS - Third Party 26 USC 7609 | [X] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN 'X' IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ In excess of $75,000

CHECK YES only if demanded in complaint
JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____  Docket Number _____

DATE
January 5, 2004

SIGNATURE OF ATTORNEY OF RECORD

ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3 10pm)

99932   Pd #50