UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOTOMEDEX, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEAN STEWART IRWIN; RA MEDICAL SYSTEMS, INC.; and DOES 1-25, inclusive, <br><br> Defendants. | Civil No.   04cv0024-L (CAB) <br><br> **ORDER REGARDING PLAINTIFF'S MOTION TO ALLOW THIRD PARTY DEPOSITIONS TO BE TAKEN AFTER DISCOVERY CUT-OFF** |

### I.  INTRODUCTION

On August 1, 2007, the Court held a telephonic discovery conference. John Leonard, Esq., appeared for plaintiff. Tracy Nation, Esq., and Deborah Dixon, Esq., appeared for defendants. Plaintiff seeks to proceed with the depositions of three witnesses subpoenaed to testify in this matter. Defendants object on the basis that discovery is closed and the depositions are untimely. Having considered the submissions of the parties and the arguments of counsel, the plaintiff's request is **GRANTED IN PART** and **DENIED IN PART.**

### II.  BACKGROUND

On November 7, 2006, the Court issued an order confirming that the fact discovery cutoff in this case was November 30, 2006. The parties were, however, permitted to conclude timely noticed depositions after that date, if needed to accommodate the schedules of the witnesses and counsel. [Docket # 103].

Plaintiff had outstanding subpoenas timely issued for the depositions of Drs. Morris Westfried and Eliot Ghatan in the Eastern District of New York, and for the deposition of Dr. Bernard Goffe in the Western District of Washington. A motion to quash Dr. Goffe's deposition was filed by Carla DewBerry, Esq., of Bennett Bigelow & Leedom on behalf of Dr. Goffe and defendant RA Medical in the Western District of Washington. The motion was denied in 2006. A motion to quash the depositions of Drs. Westfried and Ghatan was filed by Gaston Kroub, Esq., of Greenberg Traurig on behalf of the doctors and defendant RA Medical in the Eastern District of New York.

On February 26, 2007, while the motion to quash was pending in New York, this Court held a Mandatory Settlement Conference ("MSC"), in which the parties reached key terms of settlement. The motion to quash pending in New York was stayed at the unopposed request of the doctors and defendant, to permit the parties to conclude settlement negotiations.[1] Within a week of the MSC, however, the plaintiff notified the Court of a dispute that had arisen regarding certain representations. The representations were fundamental to the settlement, and the agreement could not proceed. Although the parties made further attempts to resolve the dispute, they ultimately reported to the Court on April 10, 2007, that there was no agreement. This Court issued an Amended Scheduling Order resetting pre-trial dates and directing that all outstanding discovery, fact and expert, be completed by July 9, 2007. [Docket # 122].

Plaintiff did not contact counsel for Dr. Goffe until June 22, 2007, over ten weeks after the Court issued the Amended Scheduling Order, to obtain a date for Dr. Goffe's deposition. Pursuant to this Court's order, the deposition had to be completed by July 9, 2007. Ms. DewBerry reportedly did not respond with a proposed date for the deposition, or acknowledge plaintiff's counsel's request in any other way. Prior to the July 9, 2007 deadline, plaintiff took no further action to pursue the scheduling of Dr. Goffe's deposition.

Although the settlement had not materialized, the motion to quash in the Eastern District of New York remained stayed. On June 22, 2007, plaintiff's counsel contacted the counsel at Greenberg Traurig regarding putting the motion back on calendar. The motion was put back on calendar on July 18, 2007. The New York court ordered the litigants and counsel to "promptly confer as to scheduling to ensure that

---

[1] The scheduling of Dr. Goffe's deposition was also set aside in light of settlement discussions.

the movants are available for deposition on or before August 6, 2007," in the event that the motion to quash was denied.  The motion was denied by U.S. Magistrate Judge James Orenstein on July 25, 2007.  No dates, however, had been reserved by the parties to enable them to meet Judge Orenstein's July 18, 2007 order.

### III.  DISCUSSION

Plaintiff seeks to proceed with the three depositions.  Defendant objects arguing that the discovery cut-off was July 9, 2007, and the depositions are untimely.  In general, the pre-trial scheduling order can only be modified "upon a showing of good cause."  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citing Fed. R. Civ. P. 16(b)).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " *Johnson*, 975 F.2d at 609.  If the party seeking the modification was not diligent, the schedule should not be modified.  *Id.*; *see also Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff's request to proceed with the deposition of Dr. Bernard Goffe is **DENIED**.  Nothing impeded plaintiff's ability to schedule Dr. Goffe's deposition after April 10, 2007, and before the discovery cut-off.  Plaintiff did not diligently pursue the scheduling of this deposition.  Plaintiff's counsel represented to this Court that strategic litigation decisions were the cause for the delay.  Plaintiff delayed too long and took no affirmative steps to protect its rights regarding the deposition of this witness.  Plaintiff's counsel sent one e-mail to counsel for a third party witness on June 22, 2007, approximately two weeks before the discovery completion deadline.  The e-mail was not answered.  Plaintiff's counsel made no follow up phone calls and sent no other communications.  Plaintiff could have served an amended subpoena with a new deposition date for Dr. Goffe, when the request for a deposition date went unanswered, but elected not to do so.  Plaintiff failed to secure a deposition date for Dr. Goffe before the discovery cutoff.  The Court finds no good cause to extend the discovery cutoff with respect to this deposition.

Plaintiff's request to proceed with the depositions of Drs. Morris Westfried and Eliot Ghatan is **GRANTED.**  With regard to these subpoenas, plaintiff could not set dates for the depositions until the motion to quash was resolved.  Although plaintiff was not diligent in following up on the resolution of

the motion, again waiting for over ten weeks to contact the opposing counsel about getting the matter put back on the New York Court's calendar, the request was made on June 22, 2007, before the cutoff. Counsel for the witnesses and defendant RA Medical delayed almost three weeks in responding, until after the discovery cutoff, before agreeing to put the motion back on calendar. Judge Orenstein ordered the litigants to be ready to proceed if he denied the motion to quash. The witnesses, however, provided no dates of availability as ordered by the court. Plaintiff delayed in protecting its interests in pursuing these depositions, but counsel for the witnesses and RA Medical compounded the delay by failing to respond promptly to the plaintiff's request to calendar the motion and failing to follow Judge Orenstein's order to have the deposition dates ready. This Court extends the discovery cutoff to **August 17, 2007,** solely for the purpose of completing the depositions of Dr. Morris Westfried and Dr. Eliot Ghatan ordered by the Eastern District of New York.

**IT IS SO ORDERED.**

DATED: August 2, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge