# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOTOMEDEX INC., <br><br> Plaintiff, <br> vs. <br><br> DEAN STEWART IRWIN; RA MEDICAL SYSTEMS, INC.; and DOES 1-25, inclusive, <br><br> Defendants. | CASE NO. 04-CV-24 JLS (CAB) <br><br> **ORDER: GRANTING PLAINTIFF'S MOTION TO RE-TAX COSTS** |

Presently before the Court are Plaintiff's motion to re-tax costs [Doc. No. 161], Defendants' opposition [Doc. No. 165], and Plaintiff's reply [Doc. No. 168.] For the following reasons, the Court **GRANTS** Plaintiff's motion to re-tax costs.

**PROCEDURAL BACKGROUND**

On January 6, 2004, Plaintiff filed the above captioned action against Defendants for alleged violations of the Lanham Act and California Business and Professions Code Sections 17500 and 17200. On October 29, 2007, the Court granted Defendants' Motion for Summary Judgment. On November 13, 2007, Defendants filed a motion for costs. On November 27, 2007, the clerk of the court held a telephonic hearing for taxation of costs with Nancy S. Prewitt, CRD Supervisor, presiding. Ms. Prewitt taxed $54,695.16 in costs in favor of Defendants. Plaintiff has now filed a motion to re-tax costs to challenge Ms. Prewitt's decision.

**FACTUAL BACKGROUND**

In or about September 2004, the parties were engaged in settlement negotiations. The parties sought a third party neutral who could assist their settlement discussions by: (1) examining Defendants' laser, and (2) issuing a non-binding opinion on the question of whether Defendants' laser infringed upon any of Plaintiff's patents. [Defs.' Opp. at 2.] Magistrate Judge Stiven chose Dr. Anderson from a list of three proposed neutrals provided by the parties. [Id.] On September 7, 2004, Judge Stiven issued an order stating that: "The parties shall equally bear all fees and expenses incurred by Mr. Anderson." [Pl.'s Motion at 3.] On November 30, 2004, Judge Stiven ordered Dr. Anderson's report to be delivered on December 30, 2004. [Id.]

However, on December 17, 2004, Plaintiff withdrew from the settlement process. On December 30, 2004, Dr. Anderson delivered a two-page "provisional opinion." On January 18, 2005, Judge Stiven issued an order directing Dr. Anderson to produce his full report only to Defendants' counsel and the Court. That order also stated that: (1) Defendants agreed to assume payment of Dr. Anderson's fees incurred after December 17, 2004, and (2) that Plaintiff had agreed to pay fifty percent of all of Dr. Anderson's fees incurred prior to and including December 17, 2004. [Doc. No. 24.]

Thus, prior to December 17, 2004, the fees for Dr. Anderson were split equally between Plaintiff and Defendants. Defendants' share of those payments was $12,533. Defendants also paid Dr. Anderson's final bill of $31,895, which consisted of the fees incurred after December 17, 2004. [Pl.'s Motion at 4.] In sum, Defendants paid a total of $44,448 to Dr. Anderson.[1]

After the Court awarded Defendants' motion for summary judgment, Defendants filed a motion for costs, in part, to recover the $44,448 from Plaintiff. Plaintiff objected; however, Ms. Prewitt taxed the $44,448 in favor of Defendants. [Doc. No. 160.] Plaintiff now challenges Ms. Prewitt's decision arguing that it should not bear the $44,448 because: (1) Ninth Circuit case law demonstrates that Dr. Anderson, as a third party neutral, was not a "court appointed expert," and (2) equity demands that Defendants bear the cost.

---

[1] The Court recognizes that $12,533 added to $31,895 equals $44,428, not $44,448. This small $20 difference may simply be due to an error in calculation.

# ANALYSIS

**I.     Dr. Anderson's Fees Shall Not Be Taxed in Favor of Defendants.**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .

Fed. R. Civ. P. 54(d)(1).  The rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."  Ass'n of Mexican-American Educators v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000).  The court has wide discretion; however, is not unlimited.  A district court must give appropriate reasons for a refusal to award costs.  Id.; Trans Container Serv. (Basel) A.G. v. Security Forwarders, Inc., 752 F.2d 483, 488 (9th Cir. 1985) (finding that trial judge can deny costs to a prevailing party in its discretion if it states "reasons"); K-S-H Plastics, Inc. v. Carolite, Inc., 408 F.2d 54, 60 (9th Cir. 1969), cert denied, 396 U.S. 825 (1969) (holding that the "trial court has wide discretion in awarding costs").

Although a district court has broad discretionary power to allow a prevailing party to recoup the costs of litigation, the court may not tax costs beyond those authorized by 28 U.S.C. § 1920.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987) (superseded in part on other grounds by the Civil Rights Act of 1991).  Section 1920(6) authorizes courts to tax the cost of compensating a court appointed expert.  28 U.S.C. § 1920(6).  Finally, courts are free to construe the meaning and scope of the items enumerated as taxable costs in Section 1920.  Aflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177-78 (9th Cir. 1990) (per curiam), cert denied, 502 U.S. 812 (1991).

In the present action, the parties dispute whether this Court should find that a neutral third party, such as Dr. Anderson, falls within the scope of a "court appointed expert" under Section 1920(6).  The Court need not resolve that dispute here because the Court finds that even if Dr. Anderson can be considered a "court appointed expert," his fees that are at issue should still not be taxed in favor of Defendants.

After settlement negotiations broke down on December 17, 2004, Defendants chose to pay Dr. Anderson to complete his report and continue his work. According to Judge Stiven's January 17, 2004 order, Defendants agreed to assume payments for Dr. Anderson's fees incurred after December 17, 2004. [Doc. No. 24.] Additionally, Judge Stiven's order also shows, and Defendants agree, that they were also responsible for fifty percent of the fees incurred prior to and including December 17, 2004. [Id.; Defs.' Opp. at 4.] As a result, the Court will uphold Judge Stiven's orders and the parties' prior agreements. Defendants shall bear the costs for: (1) half of Dr. Anderson's fees incurred on and before December 17, 2004, and (2) Dr. Anderson's fees incurred after December 17, 2004; $12,533 and $31,895, respectively.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to re-tax costs.

IT IS SO ORDERED.

DATED: March 12, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge