# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOTOMEDEX, INC.,<br><br>                Plaintiff,<br>vs.<br><br>DEAN STEWART IRWIN; RA MEDICAL SYSTEMS, INC.,<br><br>                Defendants. | CASE NO. 04-CV-24 JLS (CAB)<br>CASE NO. 06-CV-1479 JLS (CAB)<br><br>**ORDER: DENYING PHOTOMEDEX INC.'S MOTIONS FOR RECONSIDERATION**<br><br>(04-CV-24 Doc. No. 182)<br>(06-CV-1479 Doc. No. 66) |
| RA MEDICAL SYSTEMS, INC.,<br><br>                Plaintiff,<br>vs.<br><br>PHOTOMEDEX INC., et al.,<br><br>                Defendants. | |

    Presently before the Court are PhotoMedex, Inc.'s motion for reconsideration in *PhotoMedex Inc. v. Dean Stewart Irwin* (*PhotoMedex I*), 04-CV-24 JLS (CAB), (Doc. No. 182) and PhotoMedex Inc.'s motion for reconsideration in *RA Medical Systems, Inc. v. Photomedex, Inc.* (*RA Med. I*), 06-CV-1479 JLS (CAB), (Doc. No. 66.). Also before the Court are opposition briefs from RA Medical Systems, Inc. and Dean Stewart Irwin and reply briefs from PhotoMedex. The motion, opposition, and reply brief are identical in both cases and therefore treated in aggregate here. After full

consideration of this matter, the Court **DENIES** PhotoMedex's motions.[1]

## BACKGROUND

The parties in this case are well aware of the background of this matter. Moreover, this Court and the Ninth Circuit have both provided a full description of the underlying facts. (*See PhotoMedex I*, Doc. No. 145 (*PhotoMedex I* MSJ Order) at 1–2; *RA Med. I*, Doc. No. 31 (*RA Med. I* MTD Order) at 1–2; *PhotoMedex, Inc. v. Irwin* (*PhotoMedex II*), 601 F.3d 919, 922–23 (9th Cir. 2010); *see also RA Med. Sys., Inc. v. PhotoMedex, Inc.* (*RA Med. II*), 2010 WL 1417890 (9th Cir. Apr. 9, 2010).) Those factual summaries are incorporated by reference here.

However, this Order will quote the 9th Circuit's description of the relevant facts from *PhotoMedex II*.

> PhotoMedex directly competes with Ra Medical in the production and sale of lasers for use in dermatological treatments. These dermatological lasers are regulated by the FDA and must pass what is known as the "510(k)" clearance process . . . before being placed on the market. PhotoMedex's product is the "XTRAC Excimer Laser System" (XTRAC), the first excimer laser the FDA cleared for the treatment of the skin disorders psoriasis and vitiligo.
>
> Irwin served on the development team for the XTRAC system during his employment with PhotoMedex from February 1998 to July 2002. Following his departure from PhotoMedex, Irwin co-founded Ra Medical in September 2002.
>
> Ra Medical entered into a licensing agreement for a competing laser product with SurgiLight, Inc. on March 13, 2003. SurgiLight had received FDA 510(k) clearance in March 2002 for its "EX-308" excimer laser for the treatment of psoriasis and vitiligo, though at the time of the agreement it had not actually manufactured or marketed the cleared laser. In exchange for royalties, SurgiLight gave Ra Medical the "exclusive manufacturing rights and exclusive marketing rights for [the FDA-cleared EX-308 device], including any derivative devices, substantially conforming to the specifications[,] as well as the exclusive right to use its mark EX-308 on devices [Ra Medical] intends to manufacture and market."
>
> After securing the license from SurgiLight, Irwin appeared on Ra Medical's behalf at a trade show held by the American Academy of Dermatology in March 2003. At the show, Defendants distributed a brochure which proclaimed that Ra Medical's "Pharos EX-308 Excimer Laser" (Pharos) was "FDA Approved for Psoriasis & Vitiligo." This brochure also described Irwin as "inventor of the first FDA approved excimer laser for phototherapy," i.e., PhotoMedex's XTRAC laser. Defendants' subsequent marketing materials made similar promotional claims.
>
> Word spread that the Pharos would be available for purchase within a few months. The record includes evidence that a person attending the trade show heard

---

[1] PhotoMedex has also filed objections to various evidence in support of RA's opposition to the motions for reconsideration. The Court only relies on admissible evidence in conjunction with these motions.

>that the Pharos was scheduled for sale in August 2003. SurgiLight issued a press release, also in March 2003, announcing that "Ra Medical anticipates the introduction of its PHAROS EX-308, Excimer laser system for treatment by dermatologists of psoriasis and vitiligo (pigmentation loss) this summer." Defendants did not actually ship the first Pharos laser until September 2004, more than a year after the projected introduction date. The Pharos laser differed in some respects from SurgiLight's already-cleared EX-308 laser.
>
>PhotoMedex filed the present action against Defendants, asserting violations of the Lanham Act and California laws prohibiting untrue and misleading advertising and unfair competition. The district court granted summary judgment in favor of Defendants on each of these claims. The court held PhotoMedex lacked standing to challenge whether Defendants improperly promoted their laser as "FDA approved" because the FDA retains exclusive jurisdiction over FDCA enforcement. The court determined Defendants' predicted release date for its laser was a non-actionable forward-looking statement. Defendants' assertion that Irwin invented PhotoMedex's laser was held to be a matter of opinion and not misleading. PhotoMedex timely appealed.

*PhotoMedex II*, 601 F.3d at 922–23.

The Ninth Circuit held that this Court erred in granting summary judgment in *PhotoMedex I* on the issues of (1) Defendants' representations regarding the release date of the Pharos laser and (2) Defendants' representations regarding Defendant Irwin's status as the "inventor" of the XTRAC. *Id.* at 931–33. However, it affirmed this Court's grant of summary judgment to the Defendants based on the statements that the Pharos had FDA clearance. *Id.* at 924–31.

Similarly, the Circuit found that this Court properly dismissed PhotoMedex's cross-claims based on allegations regarding FDA clearance. *RA Med. II*, 2010 WL 1417890, at *1. However, it also held that the Court should not have dismissed any of the other claims. *Id.* at *1–*2.

**LEGAL STANDARD**

PhotoMedex brings the instant request for reconsideration under Federal Rule of Civil Procedure 54(b). (Memo. ISO Motion at 6.) That rule provides, in relevant part, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Generally, a court will reconsider a decision if a party can show (1) new facts, (2) new law, or (3) clear error in the court's prior decision. *See, e.g.*, *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958,

1    968 (S.D. Cal. 2003). However, reconsideration "may *not* be used to raise arguments or present
2    evidence for the first time when they could reasonably have been raised earlier in the litigation."
3    *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange St.*
4    *Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (emphasis in original); *cf. Brambles USA, Inc.*
5    *v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (Reconsideration should not be used "to argue
6    new facts or issues that inexcusably were not presented to the court in the matter previously
7    decided."). Ultimately, the decision on a motion for reconsideration lies in the Court's sound
8    discretion. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir.2003) (citing *Kona Enters.*, 229
9    F.3d at 883).

## ANALYSIS

11   Having reviewed the instant motions, the Court finds them deficient. As an initial matter, the
12   Court questions whether Federal Rule of Civil Procedure 54(b) is the proper vehicle for PhotoMedex's
13   motions. However, even if the motions are procedurally proper, they lacks any evidentiary basis.
14   Therefore, PhotoMedex's motions are **DENIED**.

15   **I.     The Motions for Reconsideration are Procedurally Improper**

16   At the outset, the Court questions whether a request for reconsideration is procedurally
17   appropriate here. As noted above, this Court ruled that PhotoMedex's FDA claims could not proceed,
18   and the Ninth Circuit affirmed that holding. Federal Rule of Civil Procedure 54(b) does not vest this
19   Court with the authority to revisit and contradict the Circuit's holding.

20   Federal Rule of Civil Procedure 54(b) states that an order "may be revised at any time *before*
21   *the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities.*"
22   Fed. R. Civ. P. 54(b) (emphasis added). Once such a judgment is entered, a party may move for relief
23   under Rule 59(e) or Rule 60(b) or may appeal to the relevant Court of Appeal. There is no indication,
24   in Rule 54(b) or elsewhere, that a party may bring a Rule 54(b) motion after appeal with respect to an
25   issue decided and affirmed on appeal. Rather, it appears to be specifically precluded by the
26   requirement that such a motion must be brought "*before* the entry of judgment." This is, of course,
27   sensible, since any issue on which the district court errs will presumably be identified and reversed
28   by the Court of Appeal.

The Court sees the instant motions as analogous to a motion for reconsideration of a judgment fully affirmed by the Ninth Circuit. In that case, a motion for reconsideration would obviously be inappropriate. Although only part of the Orders here were affirmed, reconsideration of that affirmed portion of the Orders is equally improper. It would permit the losing party on appeal another bite at the apple and place the district court in a position to second guess the holding of a higher authority.[2]

Instead, the proper way to bring these motions before the Court would have been to request reconsideration when PhotoMedex *first* received the "new" evidence and *before* the Ninth Circuit issued its opinion.[3] "[A] district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to 'ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case.'" *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007) (quoting *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986)).

According to PhotoMedex, it received a copy of the letter from Mr. Thomas C. Knott to Dr. Francis C. Lee on March 11, 2009 (Lee Letter). (Doc. No. 182-3 (Terman Decl.) ¶ 5.) Although this case was on appeal at that time, it had yet to be fully briefed and would not be heard for oral argument for another three months. If, as PhotoMedex clearly believes, the letter to Dr. Lee would have compelled this Court to come to a different conclusion on summary judgment, PhotoMedex should

---

[2] The Court also finds PhotoMedex's argument regarding the "law of the case" doctrine inapposite. "As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also United States v. Bad Marriage*, 439 F.3d 534, 538 (9th Cir. 2006) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." (quoting *Minidoka Irrigation Dist. v. Dep't of Interior*, 406 F.3d 567, 573 (9th Cir. 2005))).

In this case, the decision at issue is not one of law, it is a combined decision of law and fact. That is, the Ninth Circuit decided (1) when, as a matter of law, a plaintiff could bring a claim under the Lanham Act based on violations of the FDCA and (2) this case was one where such a claim would be improper. *PhotoMedex II*, 601 F.3d at 924–31. PhotoMedex does not ask this Court to reject the Ninth Circuit's rule of law, but rather its determination that the evidence did not meet the legal standard for bringing such a Lanham Act claim. (*See, e.g.*, Memo. ISO Motion at 7 ("The Court should exercise its discretion to revisit its grant of partial summary judgment, as 'the evidence on remand' is 'substantially different.'").) As such, the law of the case doctrine is not relevant to the question of whether reconsideration is proper.

[3] As discussed *infra*, the Court finds that the evidence presented by PhotoMedex is not actually "new" but could and should have been presented at the time of summary judgment.

have brought it to the attention of this Court at that time. Having failed to do so, it is simply too late to move for reconsideration now.

Moreover, PhotoMedex failed to meet the reconsideration deadlines imposed by Local Rule 7.1(i)(2). As noted above, that provision requires that "any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. Civ. R. 7.1(i)(2).

These motions fall plainly beyond of that deadline, regardless of the date from which the Court counts. If the Court were to consider the relevant Order to be the one issued on October 29, 2007, the motions would have been due on November 26, 2007. However, if the relevant date were the day PhotoMedex discovered the Lee Letter, March 11, 2009, it would have had to bring the motions by April 8, 2009.[4] Finally, if the date at issue were the date on which the Circuit issued its opinion affirming in part and vacating in part this Court's Order granting summary judgment, April 14, 2010,[5] the due date was May 12, 2010.

The Court is unpersuaded by PhotoMedex's counter-arguments. First, contrary to the assertion in the reply brief, these motions are asking for reconsideration of this Court's Orders granting summary judgment and the motion to dismiss. (*See* Memo. ISO Motion at 7 ("The Court should exercise its discretion to revisit its grant of partial summary judgment.").) Thus, Rule 7.1(i)(2) clearly applies.

Second, the 28 day limit is not inappropriate. There is no statutory or decisional authority which requires consideration of new evidence regardless of when it is brought to the court's attention. As such, the local rule is permissible limitation on parties' abilities to move for reconsideration.

However, even if the Court were to not apply the rule from the date of the Order, but rather the date of discovery of the evidence, it would still be untimely. PhotoMedex had Mr. Knott's letter in hand for well over a year before it brought these motions. The fact that a party has "newly

---

[4] The Court does not consider the date PhotoMedex received the letter from Mr. Spears because it was *first* in possession of its allegedly new evidence when it received the letter regarding Dr. Lee's inquiry.

[5] The Court uses the date of the later-issued decision of the Ninth Circuit because the untimeliness of these motions is apparent whichever date is used.

1 discovered evidence" does not vitiate the need to promptly bring it before the Court.

2 Finally, the Court finds PhotoMedex's claims that it "did not sit on its hands" to be 3 disingenuous. (Reply at 6.) As just noted, it held the Lee Letter for well over a year before bringing 4 it to the attention of this Court. As to the June 4, 2010 letter from Mr. Spears (Spears Letter), and as 5 discussed *infra*, the Court finds that PhotoMedex failed to exercise due diligence and should have 6 obtained and presented this information in the summary judgment briefing. As such, it seems to the 7 Court that it is entirely appropriate to describe PhotoMedex as "sit[ting] on its hands."

8 Thus, the Court finds that (1) a motion for reconsideration is procedurally inappropriate and 9 (2) even if such a motion were appropriate, PhotoMedex failed to comply with Local Rule 7.1(i)(2)'s 10 timeliness requirements. The Court therefore **DENIES** the motions for reconsideration.

11 **II. PhotoMedex Should Have Presented the "New" Facts on Summary Judgment**

12 Even assuming, *arguendo*, that PhotoMedex's motions were procedurally proper and timely, 13 they would still fail on their merits. As noted above, PhotoMedex's entitlement to reconsideration 14 depends on its ability to show (1) new facts, (2) new law, or (3) clear error in the Court's prior 15 decision. *See ACandS*, 5 F.3d at 1263. PhotoMedex relies only on a purported showing of new facts. 16 (*See* Memo. ISO Motion at 7 ("'[T]he evidence on remand' is 'substantially different.'").) However, 17 PhotoMedex's facts are not new in the sense that they would allow it to obtain reconsideration.

18 A motion for reconsideration "may *not* be used to . . . present evidence for the first time when 19 [it] could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (citing 20 *389 Orange St. Partners*, 179 F.3d at 665) (emphasis in original). Although the letter to Dr. Lee 21 postdates this Court's summary judgment Order, its substance could have—and should have—been 22 presented at that time. There is no indication that the contents of this letter represent a factual 23 development occurring after the Order issued, nor is there any reason to think that PhotoMedex, had 24 it bothered to ask the questions asked by Dr. Lee, would not have found the same answers. As such, 25 these allegedly "new" facts are not new at all and should have been presented back when summary 26 judgment was first at issue.

27 Further, the letter to Dr. Lee appears to be remarkably similar in substance to what was before 28 the Court at the time of summary judgment. It merely reiterates the contents of the previous

communications between the FDA and RA Medical and adds no new information. (*Compare* Terman Decl., Ex. B *with* Terman Decl., Ex. A, *PhotoMedex I* MSJ Order at 4–5, *and PhotoMedex II*, 601 F.3d at 922–23.)

As to the Spears Letter, the Court is of the same opinion as with the letter to Dr. Lee. This letter was the "result[ of] a phone conversation" between Stephen Terman and Larry Spears which occurred on June 3, 2010. (Terman Decl. ¶ 7.) Mr. Terman does not explain why this conversation could not have occurred in 2007. Nor does he indicate why PhotoMedex did not previously seek out Mr. Spears's opinion. Thus, like the Lee Letter, PhotoMedex should have presented this information on summary judgment and cannot now raise it as "new facts" to support reconsideration.

Given that the facts in both the Lee Letter and the Spears Letter were readily discoverable prior to the motion for summary judgment, they offer no basis for granting reconsideration here. Failing to obtain and present facts cannot be an adequate basis for reconsideration. Otherwise parties would have the incentive to put some facts in their back pocket just in case they were to lose on the initial summary judgment motion. Thus, this lack of new facts requires that PhotoMedex's motions be **DENIED**.

## CONCLUSION

For the reasons stated, the instant motions for reconsideration are **DENIED**. To reiterate, the presentation of this "new" evidence is simply an attempt by PhotoMedex to get a third bite at the apple. There is no reason why PhotoMedex could not have presented the information contained in the June 2010 Spears Letter at the time of summary judgment, other than a lack of diligence or an attempt to put evidence in its back pocket as an insurance policy. Moreover, PhotoMedex sat on Mr. Knott's letter to Dr. Lee and now hopes that this Court will overlook the substantial delay in asking for its consideration. Such abuses of the litigation process will not be entertained.

The clerk **SHALL FILE** this Order in both of the above-captioned cases.

DATED: September 27, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge